BEHL, Respondent, vs. SCHUETT and another, Appellants.

| 88 | 471 |
|---|---|
| s104 | 77 |

*October 6 — October 23, 1894.*

*Promissory notes: Duress: Court and jury.*

In an action upon a promissory note the evidence tended to show, among other things, that plaintiff had procured defendant's arrest in an action for false imprisonment, and had caused him to be taken at once a long distance from his home and friends, thus depriving him of the opportunity to give bail; that plaintiff and his attorney then refused sufficient bail, which was offered, and refused to give defendant an opportunity to get other bail, and made him believe that he could avoid going to jail only by settling with them; and that he settled accordingly, giving the note in suit. *Held,* that it was a question for the jury whether the defense of fraud and duress was established.

APPEAL from the Circuit Court for *Dodge* County.

The action was upon a promissory note given by the defendants to the plaintiff. The defense was that the note was obtained by the plaintiff from the defendants by means of fraud and duress.

Behl vs. Schuett and another.

The trial was before a jury. The evidence in support of the defense tended to show that the plaintiff and his wife brought an action against the defendant *William Christian* for false imprisonment and malicious prosecution, laying their damages at the sum of $20,000; that they procured a warrant of arrest in said action, from a court commissioner of Milwaukee county, for the arrest of said *William Christian*, with directions to arrest and hold him to bail in the sum of $10,000; that such warrant was placed in the hands of the sheriff of Dodge county, where the said *Christian* resides, with instructions to arrest and take him to the city of Milwaukee by the early morning train on January 23, 1893; that said sheriff did arrest him at 3 o'clock in the morning of that day, and took him to the city of Milwaukee by an early train, a long distance from his home and away from his friends, depriving him of an opportunity to consult his friends or to give bail, which he was perfectly able there to do; that at Milwaukee he was taken at once to the office of the plaintiff's attorney in that action, where the plaintiff and his attorney both were; that they refused sufficient bail, which was offered, and refused to give him an opportunity to get other bail, but kept insisting that he should either settle or go to jail; that defendant was made to believe that there was no other way for him to avoid going to jail except to settle; so he settled, and gave the note in suit. Much of this was denied by the plaintiff and his witnesses.

The court directed a verdict for the plaintiff for the amount of the note. From judgment on the verdict the defendants appeal.

*George W. Sloan* and *James J. Dick*, for the appellants, argued, among other things, that the note was extorted by duress of imprisonment. *Brown v. Peck*, 2 Wis. 261; *Heckman v. Swartz*, 64 id. 48; *Schultz v. Culbertson*, 49 id. 122; *Richardson v. Duncan*, 3 N. H. 508; *Severance v. Kimball,*

Lawrence vs. Cleary and another.

8 id. 386; *Morse v. Woodworth,* 155 Mass. 233; *Schultz v. Catlin,* 78 Wis. 611; *Magoon v. Reber,* 76 id. 392. Duress is a question of fact for the jury. *Schultz v. Culbertson,* 46 Wis. 316; *Cribbs v. Sowle,* 87 Mich. 340; *Osborn v. Robbins,* 36 N. Y. 374.

*C. W. Briggs,* for the respondent.

NEWMAN, J. It is the opinion of this court that the case should not have been taken from the jury. The evidence was certainly conflicting and contradictory. What it proved was fairly a question for the jury, under proper instructions. The testimony which tended to support the defense, if the jury believed it, was sufficient, with the inferences which the jury might legitimately have drawn from it, to establish the defense. It was the office of the jury to determine whether the witnesses were credible and the evidence to be believed, as well as what weight ought to be given to it and to each part of it.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.